Nicholas Ramos **HERRERA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 43295.**

Court of Criminal Appeals of Texas.

Jan. 13, 1971.

Rehearing Denied Feb. 17, 1971.

N. M. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., by virtue of two prior burglary convictions, was assessed at life.

On October 3, 1968, at approximately 2:30 p. m. Mary Hernandez went to the Austin Police Department where her person and car were searched. Thereafter Sergeant Freudenberg gave her $5.00 with which to purchase heroin before concealing himself in the trunk of the Hernandez automobile. The lid of the 1962 Thunderbird automobile had been damaged and could be closed in such a manner as to allow Freudenberg to observe events outside of the automobile. Mary Hernandez, fol-

lowed by Captain Harvey Gann and Sergeant Hersom in a pickup truck, drove to 2601 East First Street where she made a purchase of heroin from one Rudolph DeLeon. After handing the capsule obtained through the opening in the trunk to Freudenberg, she was given another $5.00 and proceeded to the 700 block of East Sixth Street where she found the appellant Nick Herrera and one Delia Martinez standing on a bridge. Mary Hernandez left her automobile and inquired where she might find Goya Torres. The appellant then inquired if she wanted some "stuff" and upon receiving an affirmative answer, reached in his pocket, got a capsule out of a fingerstall, handed it to Delia who handed the same to Mary Hernandez, who then relinquished her $5.00 to Delia who passed the money to the appellant. After driving a short distance Mary Hernandez stopped her car and handed the capsule to Freudenberg as before.

Officer Freudenberg corroborated her testimony and related he had observed the appellant and the exchange. Captain Gann and Officer Hersom also witnessed the transaction and testified.

Initially, appellant complains the trial court "was clearly erroneous in failing to find the State's key witness (Mary Hernandez) incompetent as a matter of law."

By motion in limine appellant sought to attack the witness' competency at a pretrial hearing on February 3, 1969. The appellant established that the witness had been a narcotics addict, had been using heroin during the month of October, 1968, and was subsequently admitted to the Big Spring State Hospital the following month and was treated for narcotic addiction for 30 days. There was no showing, however, that at the time of the hearing or trial or at the actual time of the commission of the alleged offense the witness was under the influence of narcotics or that her mental capacity or recollection was impaired to any extent. We do not agree that the evi-

dence is such as to bring the witness within the provisions of Vernon's Ann. C.C.P. article 38.06, or to reflect that the trial court abused its discretion in overruling the pre-trial motion. See Pones v. State, 43 Tex.Cr.R. 201, 63 S.W. 1021; Williams v. State, Tex.Cr.App., 439 S.W.2d 846; Miller v. State, Tex.Cr.App., 442 S.W.2d 340, 348. See also 61 Tex.Jur.2d, Witnesses, Sec. 72, p. 617.

In 97 C.J.S. Witnesses § 59b, p. 454, it is written:

"A witness is not rendered incompetent by the fact that he was under the influence of a drug at the time of the occurrence as to which he testifies, or at the time of giving his testimony. So, a person who is so stupefied by drugs that he does not realize until afterward what has happened is not rendered incompetent by a statute declaring persons incompetent as witnesses where they are insane at the time of the happening of the events to which they are called to testify. Further, a drug addict may be a competent witness."

And in People v. Dixon, 22 Ill.2d 513, 177 N.E.2d 224, the Illinois Supreme Court said:

"As to narcotics addicts, a habitual user of drugs is not rendered incompetent unless his mental capacity is impaired to such an extent that he cannot meet the qualifications of a witness. Conrad, Modern Trial Evidence, Vol. 2, sec. 1045; Gullickson v. State, 256 Wis. 407, 41 N.W.2d 291; Commonwealth v. Aikens, 179 Pa.Super. 501, 118 A.2d 205." See also Commonwealth v. Reginelli, 208 Pa.Super. 344, 222 A.2d 605, cert. den. 387 U.S. 945, 85 S.Ct. 2078, 18 L.Ed.2d 1331; Gurleski v. United States, 405 F.2d 253 (5th Cir.).

■ Next, appellant complains the court erred at the pre-trial hearing in refusing to allow the appellant to test the witness by asking her to identify some forty photographs of other heroin suspects. At such hearing the appellant called Mary Hernandez and elicited from her that she had made approximately 42 cases for the police, and that she knew and could recognize each individual and could also identify them by photographs. At this point the appellant sought to have the witness identify some pictures of such individuals and the court sustained the State's objection as to materiality. Appellant stated his purpose was "to test her ability to recall and to show her competency as a witness * * *."

Assuming the materiality of the question and further that the appellant could attack the credibility of the witness he called in this manner, we observe that he did not perfect his informal bill of exception and show what her answer or answers would have been if she had been permitted to testify as to the photographs. Nothing is presented for review.

■ Lastly, appellant complains the trial court erred in refusing to instruct the jury that Mary Hernandez was an accomplice witness as a matter of law.

This was the same contention advanced in Gomez v. State, 461 S.W.2d 422 concerning this same witness. For the reasons set forth there we find no merit in the contention. See Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; McKelva v. State, Tex.Cr.App., 453 S.W.2d 298.

The court did submit to the jury under appropriate instructions the fact issue of whether Mary Hernandez was an accomplice witness as was done in Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452. Since under the evidence the witness Hernandez was not shown to be an accomplice witness as a matter of law, such procedure was proper.

The judgment is affirmed.