PD-1424-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/5/2015 11:28:39 AM
Accepted 11/5/2015 3:11:30 PM
ABEL ACOSTA
CLERK

NO. _____

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

# MICHAEL DWAYNE CLARK

## v.

# THE STATE OF TEXAS

---

From the Waco Court of Appeals
Cause No. 10-15-00022-CR

## APPELLANT MICHAEL DWAYNE CLARK'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

November 5, 2015

ABEL ACOSTA, CLERK

**E. Alan Bennett**
State Bar #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone:  (254) 772-8022
Telecopier:  (254) 772-9297
Email:  abennett@slmpc.com

## ORAL ARGUMENT REQUESTED

# Identity of Judge, Parties and Counsel

Appellant, pursuant to Rule of Appellate Procedure 68.4(a), provides the following list of the trial court judge, all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel.

**THE TRIAL COURT:**

Hon. Matt Johnson                                                    Trial Court Judge
54th District Court, McLennan County
501 Washington Avenue, Suite 305
Waco, Texas 76701

**THE DEFENSE:**

Michael Dwayne Clark                                                        Appellant

Seth A. Sutton                                                            Trial Counsel
Jason M. Milam
Sutton, Milam & Fanning
400 Austin Avenue, Suite 202
Waco, Texas 76701

E. Alan Bennett                                                      Appellate Counsel
510 North Valley Mills Drive, Suite 500
Waco, Texas  76710

**THE PROSECUTION:**

Brandon D. Luce                                                      Trial Counsel
Andrew T. Erwin
Assistant Criminal District Attorneys

Sterling Alan Harmon                                 Appellate Counsel
Assistant Criminal District Attorney


Abelino Reyna
Criminal District Attorney
McLennan County District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas  76701

# Table of Contents

Identity of Judge, Parties and Counsel ................................................................2

Table of Contents ....................................................................................................4

Index of Authorities................................................................................................6

Statement Regarding Oral Argument...................................................................7

Statement of the Case .............................................................................................7

Statement of Procedural History ..........................................................................8

Grounds for Review................................................................................................8

Reasons for Granting Review................................................................................9

Argument ................................................................................................................10

   1. Whether the Waco Court of Appeals correctly concluded that the person in possession of the heroin was NOT an accomplice as a matter of law. ........................................................................................................................10

     A.   A Participant May Be an Accomplice as a Matter of Law or Fact. 10

     B.   McQuirter Is an Accomplice as a Matter of Law.............................12

     C.   The Waco Court Majority Erroneously Concluded That McQuirter Was an Accomplice in Fact. ..........................................................................13

     D.   This Error Harmed Appellant. ...........................................................14

     E.   The Court Should Grant Review........................................................16

Prayer ..................................................................................................................17

Certificate of Compliance ...............................................................................18

Certificate of Service ........................................................................................18

Appendix.............................................................................................................19

# Index of Authorities

## Federal Cases

*United States v. Mance*, 26 M.J. 244 (C.M.A. 1988)..............................................12

## Texas Cases

*Clark v. State*, No. 10-15-00022-CR, 2015 WL 5949338 (Tex. App.—Waco Oct. 8, 2015, pet. filed) (mem. op., not designated for publication)................ 13, 14

*Cocke v. State*, 201 S.W.3d 744 (Tex. Crim. App. 2006) ......................... 10, 11, 13

*Herrera v. State*, 462 S.W.2d 597 (Tex. Crim. App. 1971)...................................12

*Herron v. State*, 86 S.W.3d 621 (Tex. Crim. App. 2002)......................................14

*Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005)..............................12

## Texas Statutes

TEX. CODE CRIM. PROC. art. 38.14 ........................................................................12

TEX. HEALTH & SAFETY CODE § 481.102 ...............................................................13

TEX. PEN. CODE § 8.02 .........................................................................................13

## Rules

TEX. R. APP. P. 66.3 ..........................................................................................9, 16

## Statement Regarding Oral Argument

Oral argument will aid the decisional process. By granting oral argument, counsel may answer questions posed by the judges regarding the interplay between the requisite culpability for possession of a controlled substance and the witness Raven McQuirter's status as an accomplice. In addition, oral argument would allow counsel to answer questions regarding the unique reasons the trial court's error (and the Waco Court's approval of that error) was harmful. For these reasons and to address any other issues, Appellant respectfully requests the opportunity to appear and present oral argument.

## Statement of the Case

A jury convicted Appellant of possessing between one and four grams of heroin. Appellant pleaded "true" to an enhancement allegation. The jury assessed his punishment at fifteen years' imprisonment. The trial court sentenced Appellant in accordance with the verdict.

## Statement of Procedural History

The Waco Court of Appeals affirmed Appellant's conviction in an opinion authored by Justice Scoggins that was handed down October 8, 2015. Chief Justice Gray authored a concurring opinion. No motion for rehearing was filed.

## Grounds for Review

1. Whether the Waco Court of Appeals correctly concluded that the person in possession of the heroin was NOT an accomplice as a matter of law.

# Reasons for Granting Review

The Court should grant discretionary review in this appeal because: (1) the Waco Court of Appeals has decided an important question of state law that has not been, but should be, settled by this Court; (2) the Waco Court has decided an important question of state law in a way that conflicts with the applicable decisions of this Court; (3) the Waco Court has misconstrued article 38.14 of the Code of Criminal Procedure; and (4) the justices of the Waco Court have disagreed on a material question of law necessary to the court's decision.  TEX. R. APP. P. 66.3.

# Argument

**1.**  **Whether the Waco Court of Appeals correctly concluded that the person in possession of the heroin was NOT an accomplice as a matter of law.**

When the police officer arrested Appellant for possession of heroin, the passenger in his car, Raven McQuirter, was literally holding the bag. In fact, she had the bag hidden in her pants and admitted that she knew it contained narcotics. Regardless of this evidence, the trial court instructed the jury to consider whether McQuirter was an accomplice as a matter of fact. This was error because the evidence established that she was an accomplice as a matter of law. The Waco Court of Appeals erred by concluding otherwise.

## A.  A Participant May Be an Accomplice as a Matter of Law or Fact.

A person may be an accomplice either as a matter of law or as a matter of fact. The person's status is determined from the evidence. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006).

"An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." Participation involves an affirmative act

that promotes the commission of the offense the defendant has been charged with. A person "is clearly an accomplice if [she] could be prosecuted for the offense or a lesser-included offense." The evidence must connect the alleged accomplice to the offense as a "blameworthy participant." It is irrelevant whether the alleged accomplice-witness is actually charged or prosecuted for the offense. *Id.* at 748.

> Unless the evidence clearly shows that the witness is an accomplice as a matter of law, *e.g.*, the witness has been, or could have been, indicted for the same offense, a question about whether a particular witness is an accomplice is properly left to the jury with an instruction defining the term "accomplice."

*Id.* at 747-48.

If the witness is an accomplice as a matter of law, the trial court must provide an accomplice-witness instruction to the jury. However, if the record contains conflicting or unclear evidence on this issue, the trial court must instruct the jury to resolve the issue as a matter of fact. *Id.* at 748.

The importance of properly classifying an accomplice witness cannot be understated because a defendant cannot be convicted on the testimony of an accomplice, unless that testimony is sufficiently corroborated. TEX. CODE CRIM. PROC. art. 38.14.

## B. McQuirter Is an Accomplice as a Matter of Law.

The undisputed testimony establishes that Raven McQuirter knowingly exercised care, custody and control of a package containing marihuana and heroin capsules. (3 RR 121-23) Therefore, she is an accomplice as a matter of law.[1]

McQuirter asked Clark to give the drugs to her. (3 RR 121) She thought that she was exercising possession of marihuana and cocaine. (3 RR 123) Her mistake regarding the nature of the Penalty Group 1 substance[2] that she possessed is irrelevant to this inquiry. *See* TEX. PEN. CODE § 8.02. Stated differently, the State must prove that a person such as McQuirter knew that the substance she possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). She has the requisite culpability regardless of whether she believed she possessed cocaine even though it was in fact heroin. *See United States v. Mance*, 26 M.J. 244, 254 (C.M.A. 1988) (if defendant

---

[1]    McQuirter should be distinguished from a confidential informant who possesses narcotics as part of an undercover operation. A confidential informant under such circumstances is not an accomplice. *See Herrera v. State*, 462 S.W.2d 597, 599 (Tex. Crim. App. 1971). The record does not support a finding that McQuirter acted as an agent of the State.

[2]    Cocaine and heroin are both Penalty Group 1 controlled substances. TEX. HEALTH & SAFETY CODE § 481.102(2), (3)(D).

"believes he possesses cocaine when, in fact, he possesses heroin, he could be convicted of wrongful possession of heroin because he had 'knowledge' adequate to establish wrongfulness").

McQuirter undisputedly asked Clark to give her the narcotics for which he was prosecuted. She took them and hid them in her pants. For these reasons, she is "clearly" an accomplice as a matter of law because she could have been (and still could be) prosecuted for possession of the heroin she hid in her pants. *See Cocke*, 201 S.W.3d at 748.

## C.     The Waco Court Majority Erroneously Concluded That McQuirter Was an Accomplice in Fact.

In an opinion authored by Justice Scoggins, a majority of the justices of the Waco Court of Appeals held that McQuirter was NOT an accomplice as a matter of law because there was evidence that she did not know the bag contained heroin. *See Clark v. State*, No. 10-15-00022-CR, 2015 WL 5949338, at *2 (Tex. App.—Waco Oct. 8, 2015, pet. filed) (mem. op., not designated for publication). Chief Justice Gray disagreed with the majority's analysis and concluded that McQuirter was an accomplice as a matter of law. *Id.*, 2015 WL 5949338, at *4 (Gray, C.J., concurring). For the reasons set forth in Part 1(B)

above, Appellant contends that Chief Justice Gray is correct on this particular issue.[3]

**D.    This Error Harmed Appellant.**

Appellant did not object to the trial court's erroneous instruction directing the jurors to determine whether McQuirter was an accomplice. Therefore, he has to show egregious harm before the error requires reversal. *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). And while the issue of harm is not before this Court, it is important for the Court to consider that in understanding the importance of granting review in this case.

Appellant plainly suffered egregious harm from this error for a number of reasons.

First, the jury charge erroneously failed to: (A) instruct the jury that McQuirter was an accomplice as a matter of law and (B) further require the jury (rather than giving them the option) to find corroborating evidence

---

[3]    Chief Justice Gray ultimately concurred with the majority decision because he concluded that the trial court's error was harmless. *See Clark v. State*, No. 10-15-00022-CR, 2015 WL 5949338, at *4 (Tex. App.—Waco Oct. 8, 2015, pet. filed) (Gray, C.J., concurring). Appellant disagrees with this aspect of Chief Justice Gray's opinion and will ask the Court to remand the case to the lower court for a proper harm analysis.

before returning a guilty verdict. It cannot be determined whether the jury decided McQuirter was an accomplice. If not, then the jurors erroneously decided Appellant's guilt without evaluating the existence or sufficiency of the corroborating evidence.

Second, the entirety of Appellant's defense rested on the accomplice issue. Appellant further contends that the State wholly failed to present evidence corroborating McQuirter's testimony.

Third, a substantial portion of the prosecutor's opening argument focused on whether McQuirter was an accomplice. Accordingly, defense counsel had to devote an inordinate portion of his argument to McQuirter's status as an accomplice because of the trial court's erroneous failure to instruct the jury that she was an accomplice as a matter of law.

Finally, the jury sent back four notes during their deliberations. Two of these focused on McQuirter and the drugs. A proper accomplice-witness instruction may have given the jurors pause as they reflected on this evidence.

To summarize, the trial court erred by failing to instruct the jury that McQuirter was an accomplice as a matter of law. The Waco Court of Appeals

erred by concluding that she was not an accomplice as a matter of law. Appellant suffered egregious harm because of these errors.

### E. The Court Should Grant Review.

The Court should grant review of this issue for several of the reasons listed in Rule 66.3. *See* TEX. R. APP. P. 66.3.

The Waco Court has effectively decided an important question of state law that has not been, but should be, settled by this Court, namely whether a person may be criminally responsible for the knowing possession of an unlawful controlled substance when she believes that she is possessing a different unlawful controlled substance. *Id.* 66.3(b).

The Waco Court's decision conflicts with the applicable decisions of this Court, namely *Cocke*. *Id.* 66.3(c).

The Waco Court appears to have misconstrued article 38.14 of the Code of Criminal Procedure. *Id.* 66.3(d).

The justices of the Waco Court disagreed on a material question of law necessary to that court's decision, namely, McQuirter's status as an accomplice at law. *Id.* 66.3(e).

For these reasons, this Court should grant discretionary review.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant Michael Dwayne Clark asks the Court to: (1) grant review on the issues presented in this petition for discretionary review; and (2) grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

_/s/ Alan Bennett_
E. Alan Bennett
SBOT #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone:      (254) 772-8022
Fax:             (254) 772-9297
Email:          abennett@slmpc.com

## Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 2,358 words.

*/s/ Alan Bennett*
E. Alan Bennett

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served electronically on November 5, 2015 to: (1) counsel for the State, Sterling Harmon, sterling.harmon@co.mclennan.tx.us; and (2) the State Prosecuting Attorney, lisa.mcminn@SPA.texas.gov.

*/s/ Alan Bennett*
E. Alan Bennett

# Appendix

Opinion of Waco Court of Appeals:

*Clark v. State*, No. 10-15-00022-CR, 2015 WL 5949338 (Tex. App.—Waco Oct. 8, 2015, pet. filed)

2015 WL 5949338
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

Court of Appeals of Texas,
Waco.

Michael Dwayne Clark, Appellant

v.

The State of Texas, Appellee

No. 10–15–00022–CR  |  Opinion
delivered and filed October 8, 2015

From the 54th District Court, McLennan County, Texas, Trial
Court No. 2014–585–C2

**Attorneys and Law Firms**

E. Alan Bennett, for Michael Dwayne Clark

Abel Reyna, Sterling A. Harmon, Gabriel Price, for the State
of Texas

Before Chief Justice Gray, Justice Davis, and Justice
Scoggins

## MEMORANDUM OPINION

AL SCOGGINS, Justice

 **\*1**  The jury convicted Michael Dwayne Clark of the offense
of possession of a controlled substance, heroin, and assessed
punishment at fifteen years confinement. We affirm.

## Background Facts

Officer Jared Bonner, with the Lacy Lakeview Police
Department, testified at trial that while on patrol around 5:45
a.m. he observed a vehicle traveling at a high rate of speed.
Officer Barron observed that the vehicle's tail lights were not
working, and he initiated a traffic stop. The vehicle pulled
over, but continued to "creep for a while" before coming to
a complete stop. Officer Bonner approached the vehicle, and
he noticed a "fairly good amount" of what he suspected to
be marihuana on the driver's clothes. Michael Dewayne Clark

was identified as the driver of the vehicle. Officer Bonner had
Clark exit the vehicle, and he placed Clark in handcuffs while
he waited for assistance and conducted an investigation.

Raven McQuirter was a passenger in the vehicle. Officer
Bonner asked if there was anything illegal in the car, and
McQuirter motioned toward the console area. Officer Bonner
observed a clear cup containing a "green leafy substance" in
the console area of the car. McQuirter removed a bag from her
pants that contained what appeared to be marihuana. Inside
the bag of marihuana, was a smaller plastic bag that contained
heroin capsules and additional marihuana. Officer Bonner
testified that when he told McQuirter the bag contained heroin
capsules, she appeared to have no knowledge that there was
heroin in the bag.

## Accomplice Instruction and Evidence

In the first issue, Clark argues that the trial court erred by
failing to instruct the jury that Raven McQuirter was an
accomplice as a matter of law. Appellate review of alleged
jury-charge error involves a two-step process. *Abdnor v.
State,* 871 S.W.2d 726, 731 (Tex.Crim.App.1994). Initially,
the court must determine whether error actually exists in the
charge. If error is found, the court must then evaluate whether
sufficient harm resulted from the error to require reversal. *Id.
at 731–32*.

The trial court instructed the jury as follows:

> You are instructed that an "accomplice," as the term is here
> used, means anyone connected with the crime charged, as
> a party thereto and includes all persons who are connected
> with the crime by unlawful act or omission on their
> part transpiring either before or during the time of the
> commission of the offense, and whether or not they were
> present and participated in the commission of the crime.
> A person is criminally responsible as a party to an offense
> if the offense is committed by his or her own conduct, by
> the conduct of another for which he or she is criminally
> responsible, or by both. Mere presence alone, however, will
> not constitute one a party to an offense.

> A person is criminally responsible for an offense
> committed by the conduct on (sic) another if, acting with
> intent to promote or assist the commission of the offense,
> he or she solicits, encourages, directs, or aids or attempts
> to aid the other person to commit the offense. The term

"conduct" means any act or omission and its accompanying mental state.

**\*2** You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless the jury first believes that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission.

Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness Raven McQuirter was an accomplice, or if you have a reasonable doubt as to whether she was or not, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of Raven McQuirter unless you first believe that the testimony of Raven McQuirter is true and that it shows the defendant is guilty as charged in the indictment; even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside the evidence of Raven McQuirter tending to connect the defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

Clark argues that Raven McQuirter was an accomplice as a matter of law and that the trial court erred instructing the jury that they were required to determine whether she was an accomplice as a matter of fact. A proper accomplice-witness instruction informs the jury either that a witness is an accomplice as a matter of law or that he is an accomplice as a matter of fact. *Zamora v. State,* 411 S.W.3d 504, 510 (Tex.Crim.App.2013); *Cocke v. State,* 201 S.W.3d 744, 747 (Tex.Crim.App.2006). The evidence in each case will dictate the type of accomplice-witness instruction that needs to be given, if any. *Zamora v. State,* 411 S.W.3d at 510.

A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or "when the evidence clearly shows that the witness could have been so charged." *Id.* For accomplice witnesses as a matter of law, the trial court affirmatively instructs the jury that the witness is an accomplice and that his testimony must be corroborated.

*Id.* When the evidence presented by the parties as to the witness's complicity is conflicting or inconclusive, then the accomplice-witness instruction asks the jury to (1) decide whether the witness is an accomplice as a matter of fact, and (2) apply the corroboration requirement, but only if it has first determined that the witness is an accomplice. *Id.*

Clark was indicted for intentionally or knowingly possessing heroin, but McQuirter was not charged with the offense. McQuirter testified that when they were pulled over by the police, Clark pulled a bag out of his pocket. McQuirter knew the bag contained marihuana, and she told Clark to give her the bag. McQuirter stated that she has never knowingly possessed heroin, and that she was "shocked" when Officer Bonner told her the bag also contained heroin. Officer Bonner also testified that McQuirter appeared to have no knowledge that the bag contained heroin.

An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Smith v. State,* 332 S.W.3d 425, 439 (Tex.Crim.App.2011). A person is not an accomplice if the person knew about the offense and failed to disclose it or helped the accused conceal it. *Smith v. State,* 332 S.W.3d at 439. "When the evidence clearly shows (i.e., there is no doubt) that a witness is an accomplice as a matter of law, the trial judge must instruct the jury accordingly." *Id.* Because the evidence is inconclusive that McQuirter knowingly possessed heroin, we cannot say that the trial court erred instructing the jury to determine if McQuirter was an accomplice as a matter of fact, and to apply the corroboration requirement only if it determined that she was an accomplice. We overrule the first issue.

**\*3** In the second issue, Clark argues that the evidence is insufficient to corroborate the accomplice's testimony. It cannot be determined from the record whether or not the jury found McQuirter to be an accomplice. However, we will address the sufficiency of the evidence to support corroboration.

Article 38.14 of the Code of Criminal Procedure provides that, "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex.Code Crim. Proc. Ann. 38.14 (West 2005). When reviewing the sufficiency of nonaccomplice evidence under Article 38.14, we decide

whether the inculpatory evidence tends to connect the accused to the commission of the offense. *Smith v. State,* 332 S.W.3d at 442. The direct or circumstantial non-accomplice evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. *Id.* So when there are conflicting views of the evidence, we will defer to the factfinder's resolution of the evidence. *Id.* It is not appropriate for appellate courts to independently construe the non-accomplice evidence. *Id.*

Clark admitted to Officer Bonner that he was rolling a marihuana "blunt" while he was driving, and Officer Bonner observed marihuana on Clark's clothes. Clark further admitted to Officer Bonner that he had purchased the bag of marihuana that contained the heroin pills. Officer Bonner stated that McQuirter appeared to have no knowledge that the bag of marihuana also contained heroin. We find that, assuming the jury found McQuirter to be an accomplice, a rational jury could have found that the non-accomplice evidence sufficiently connected Clark to the offense. We overrule the second issue.

### Expert Testimony

In the third issue, Clark argues that the trial court abused its discretion by refusing to permit him to conduct a voir dire examination of the State's expert about the underlying facts and data supporting her opinion. The State called Lindsey Hatfield, a forensic scientist for the Texas Department of Public Safety, to testify concerning her testing and analysis of the heroin capsules in this case.

When the State was preparing to introduce Hatfield's report on her findings, Clark's trial attorney stated, "while we have no objection to Ms. Hatfield being recognized as an expert, before she testifies as to this particular test, I would like to take her on a brief short voir dire as to this test only." The trial court asked for what purpose, and trial counsel responded, "To inquire into maintenance, calibration, supporting documents she may have to make sure that this test meets requirements of 702 and should actually come into evidence." The trial court overruled the request.

Clark argues on appeal that Rule 705(b) requires the trial court to permit a voir dire examination. Rule 705(b) in effect at the time of trial states that

Prior to the expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered upon request in a criminal case shall, or in a civil case may, be permitted to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

**\*4** TEX.R. EVID. 705(b) [1] . At trial, Clark stated that the purpose of the voir dire was to insure that the test met the requirements of Rule 702 of the Texas Rules of Evidence. Clark did not request to voir dire the witness based upon Rule 705(b) of the Texas Rules of Evidence. Clark has waived his complaint for appellate review. TEX.R.APP.P. 33.1(a). Moreover, any error in denying the request was harmless. TEX.R.APP.P. 44.2(b). Clark questioned Hatfield on cross-examination about the calibration and maintenance of the equipment. Hatfield stated that the machine does not require calibration and that she had performed maintenance on the machine during the time leading up to the examination of the evidence. We overrule the third issue.

(Chief Justice Gray concurring)

TOM GRAY, Chief Justice, concurring.

I believe the Court has erroneously applied the standard for sufficiency of the evidence to determine whether a person is an accomplice as a matter of law. The standard to determine whether an accomplice-as-a-matter-of-law instruction should be given is not dependent on whether the evidence establishes as a matter of law that the person is guilty of the offense or a lesser included offense. "A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or 'when the evidence clearly shows that the witness could have been so charged.' " Court's op. at p. 4. McQuirter was in possession of what she knew was two different types of contraband, marijuana and "crack or powder." She could have been charged with the same offenses as Clark.

There may be some evidence from which a fact finder could have concluded McQuirter was not aware the second category

of contraband was heroin, but that does not mean she was not an accomplice as a matter of law. She could have been charged with possession of both the marijuana and the heroin. Furthermore, a fact finder could have rejected her feigned lack of knowledge that one of the substances was heroin rather than some other contraband and convicted her. McQuirter was an accomplice as a matter of law. The trial court's charge was erroneous by failing to instruct the jury properly.

Nevertheless, I find the charge error in allowing the jury to determine if she was an accomplice rather than instructing the jury that she was an accomplice as a matter of law harmless under the well-recognized test set out in *Almanza* and its progeny. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). I, too, would therefore overrule issue one.

As to the third issue, I must also note my disagreement with the Court. I believe the objection was sufficiently specific to inform the trial court what it was that counsel wanted and the basis for it. We have never required the objecting party to articulate the specific rule number or statute under which the challenged conduct was proper. The issue was, in my opinion, adequately preserved. Nevertheless, I agree with the Court that the error was harmless.

Accordingly, I concur in the Court's judgment which affirms the trial court's judgment.

**All Citations**

Not Reported in S.W.3d, 2015 WL 5949338

Footnotes

1    Tex.R. Evid. 705(b) was amended effective April 1, 2015.

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.